IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, May 8, 2012 Session

DARRYL THOMPSON V. STATE OF TENNESSEE

Appeal from the Criminal Court for Davidson County
No. 2008-A-88      Cheryl Blackburn, Judge

No. M2011-02139-CCA-R3-PC - Filed August 1, 2012

The petitioner, Darryl Thompson, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief. The petitioner, pursuant to a negotiated plea agreement, pled guilty to second degree murder, a Class A felony, and was sentenced as a Range II offender to a term of forty years. On appeal, he contends that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel. Specifically, the petitioner contends that trial counsel was ineffective by failing to properly advise him of the consequences of pleading outside his range. Following careful review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and JEFFREY S. BIVINS, JJ., joined.

James O. Martin, III, Nashville, Tennessee, for the appellant, Darryl Thompson.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Tory Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

The relevant facts underlying the petitioner's conviction, as recited by the State at the guilty plea hearing, are as follows:

[T]his case . . . involves the homicide of Mr. Jared Collins who was killed during the course of a robbery . . . in the parking lot of . . . a market.

Witnesses' accounts would have two young men approaching Mr. Collins. . . . Mr. Collins was out of his vehicle. One of them went to Mr. Collins' vehicle and kind of rummaged around in the vehicle initially. It's the State's position that was [the petitioner] because [his] fingerprints were recovered from Mr. Collins' vehicle. A second person, a Mr. Reginald Adkins, was there. Eventually the two men confront Mr. Collins directly. Mr. Adkins had the weapon. They took money from the person of Mr. Collins, and then Mr. Collins tried to run into the market. As he was running into the market and about the time he got to the door, Mr. Adkins fired a shot and struck Mr. Collins in his back and he died from that wound. The police eventually - - and the two men got into a vehicle that was driven by Ms. Brandy Birdwell, . . . and fled the scene.

Ultimately Detective Harris talked with Ms. Birdwell and then talked to [the petitioner]. [The petitioner] admitted to his role in this. He admitted that Mr. Collins had been at a location earlier that afternoon where he had purchased some drugs and led people there to believe that he had other money on him, that Mr. Adkins decided to follow Mr. Collins and try to take that money. He had a gun. . . . [The petitioner] admitted that he was in on the robbery and that he actually did put his hands on Mr. Collins and assisted in taking the money. . . . .

Based upon these actions, the petitioner, along with Ms. Birdwell and Mr. Adkins, was indicted by a Davidson County grand jury for first degree felony murder and especially aggravated robbery. Ms. Birdwell was tried and found guilty as charged. Thereafter, the defendant chose to enter into a negotiated plea agreement with the State. The defendant pled guilty to the lesser offense of second degree murder, and the especially aggravated robbery charge was dismissed. The agreement further provided that the defendant would be sentenced to a term of forty years as a Range II offender, despite the fact that he actually qualified as a Range I offender. At the guilty plea hearing, the trial court extensively explained the agreement to the petitioner and questioned him with regard to his understanding of the agreement and his rights. The court specifically discussed with the petitioner that he was pleading outside his range and noted that, if convicted as a Range I offender, the sentence maximum for second degree murder was twenty-five years. However,

the court also informed the defendant on the record that if he proceeded to trial and was convicted of felony murder, he faced a possible life sentence. The petitioner verbally acknowledged that he understood the plea agreement and his sentence, and he expressed no dissatisfaction with trial counsel's representation in response to the court's questioning.

Nonetheless, the defendant timely filed a *pro se* petition for post conviction relief alleging that his plea was not knowingly and voluntarily entered because trial counsel had been ineffective. Following the appointment of counsel, an amended petition was filed with the court, and a hearing was held on the matter.

The petitioner testified at the post-conviction hearing and stated that he only accepted the plea agreement because trial counsel told him that a forty-year sentence was "the right thing" for a second degree murder conviction. He continued and stated that, since he had been incarcerated, he had done his own research and learned for the first time that he should have received a sentence of only fifteen to twenty-five years if he was a Range I offender. He stated that, despite the evidence to the contrary from the guilty plea hearing, he did not understand that he was pleading outside his range because trial counsel had never explained the possible ranges of punishment. Had he understood, he would have gone to trial and attempted to show that he was not the actual shooter in hopes of not being convicted of felony murder. According to the petitioner, trial counsel advised him that if he proceeded to trial, he would lose. The petitioner could not recall trial counsel explaining the law of felony murder to him. However, he did testify that he was aware that Ms. Birdwell, also not the shooter, had already been tried and found guilty of felony murder and especially aggravated robbery. The petitioner actually acknowledged that Ms. Birdwell's conviction was a factor in his accepting the plea agreement.

Trial counsel also testified. He stated that he had reviewed and discussed all the proof with the petitioner prior to the entry of the plea. Trial counsel also indicated that he had thoroughly discussed the law of criminal responsibility with the petitioner, as well as various outcomes for the petitioner and possible punishment, and felt that the petitioner understood the information. Trial counsel testified that he had discussed Ms. Birdwell's conviction with the petitioner and that he did advise the petitioner that if he went to trial, he would most likely be convicted as charged based upon the evidence. Trial counsel stated that he specifically discussed the fact that the petitioner would be pleading outside his range and asserted that he still believed it was the right decision for the petitioner to accept the agreement. He testified that the petitioner understood the compromise and made the decision to plead out of range in order to plead to the lesser offense.

After hearing the evidence presented, the post-conviction court concluded that the petitioner had not received ineffective assistance of counsel and that the plea had been

entered knowingly and voluntarily. The court denied relief, and the petitioner has now timely appealed that decision.

## Analysis

On appeal, the petitioner claims that the post-conviction court erred by denying his petition because the record establishes that his plea was not knowingly and voluntarily entered because trial counsel failed to properly inform him that he was pleading outside his sentencing range and of the resulting consequences. The petitioner contends "but for the error of counsel in advising the Petitioner that 'forty years was the right thing for second degree murder,' [he] would not have entered a plea of guilt." He goes on to state in his brief that his "complaint can be summarized as due to trial counsel's failure to explain that, if convicted of second degree murder at trial, his range of punishment was only 15-25 years, he entered a plea that was not knowing and voluntary."

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *Alford*, 400 U.S. at 31).

To succeed in a challenge for ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the petitioner must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel, however, is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Id.* at 458. Questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

In a very extensive order denying relief, the post-conviction court made the following findings:

Petitioner alleges that his trial counsel was ineffective for failing to advise him of the nature and consequences of the plea and that his plea was not made knowingly and voluntarily since he did not fully understand the consequences. Petitioner conceded during this testimony that he discussed his case, including his police confession and the video surveillance, with counsel; thus, Petitioner was aware of the State's evidence against him. Petitioner, however, testified that he did not discuss a defense and that in retrospect he believes his sentence was excessive now that he has been able to perform his own legal research.

Trial counsel testified that he had discussed with Petitioner the concepts of felony murder and criminal responsibility, and that based on the evidence, he advised Petitioner the plea offer was his better option; however, trial counsel maintained that Petitioner made the ultimate decision of whether to accept the plea or go to trial. Additionally, trial counsel testified that he had explained to Petitioner that in order to plead to the lesser included offense of second degree murder, the plea agreement required Petitioner to plead out of range to a 40 year sentence. The Court credits trial counsel's testimony.

Further, the transcript of the guilty plea hearing belies Petitioner's claims that he was not aware of the nature and consequences of his plea. During the plea colloquy, the Court explained to Petitioner that he was waiving his range as part of the plea agreement. The Court noted that second degree murder is a lesser offense of first degree murder with a full range of punishment of 15-60 years, but that if Petitioner proceeded to trial and was convicted of the lesser included offense of second degree murder, his range of punishment would have been 15-25 years as a Range 1 offender. But, in order to plead guilty to second degree murder, the plea agreement required Petitioner to plead out of range to 40 years. After explaining the range of punishments, Petitioner affirmed that he understood he was pleading out of range in order to have a lesser conviction.

The petitioner now contends that the post-conviction's courts conclusions of law in this case were erroneous because the petitioner's testimony established that he did not knowingly and voluntarily enter the plea. Specifically, he refers to his testimony that trial counsel "rather than telling him his sentences would be 15 to 25 years if convicted of second degree murder at trial, [trial] counsel advised him that 'forty years was the right thing for second degree murder.'" We cannot conclude that the petitioner is correct.

After review, we find nothing in the record which would preponderate against the post-conviction court's findings. The order is abundantly clear that the court did not find the petitioner to be a credible witness, instead accrediting the testimony of trial counsel. As we have previously noted on multiple occasions, it is not the province of this court to reevaluate or disturb such credibility determinations. Trial counsel specifically testified that he informed the petitioner regarding the sentencing ranges at issue in the plea agreement. The petitioner was properly advised by trial counsel, and a claim of deficient performance simply cannot be established on these facts.

Moreover, as noted by the post-conviction court, the transcript of the guilty plea hearing completely belies the petitioner's argument. The petitioner was advised at length by

the court prior to acceptance of the plea. The court specifically stated that the petitioner was pleading outside his range and informed him what Range I punishment was. The petitioner stated on the record that he understood the plea and his resulting sentence. "A petitioner's sworn responses to the litany of questions posed by the trial judge at the plea submission hearing represent more than lip service." *Alfonso Camacho v. State*, No. M2008-00410-CCA-R3-PC (Tenn. Crim. App., at Nashville, Aug. 18, 2009). A petitioner's sworn statements and admission of guilt stand as a witness against the petitioner at the post-conviction hearing when the petitioner disavows those statements. *Id*.

The petitioner has failed to put forth any showing of an entitlement to relief. It appears from the record that he was appropriately advised of the nature of the consequences of his acceptance of the plea. The petitioner was aware of the conviction of his co-defendant, Ms. Birdwell, for felony murder and especially aggravated robbery based upon an involvement in the crime even less than the petitioner's. He testified at the hearing that this was in fact a factor in his decision to accept the plea. It seems that the petitioner, likely facing a life sentence for felony murder, chose to accept the plea agreement, which represented the best possible choice among the alternatives. He cannot now negate the decision he made in order to attempt to seek a lesser conviction. The post-conviction court appropriately determined that trial counsel was not ineffective and that the plea was entered knowingly and voluntarily.

## CONCLUSION

Based upon the foregoing, the denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE